**FARRIS v. UNITED STATES.**

(Circuit Court of Appeals, Seventh Circuit. April 24, 1925.)

No. 3469.

1. **Receiving stolen goods** ⊙⇒8(2)—**Excluded evidence immaterial as to defendant's knowledge of car sold by him having been stolen.**

It appearing from testimony of witness for defendant, on prosecution for selling automobile,

5 F.(2d)—61

knowing it had been stolen, of which knowledge there was abundance of evidence, that whatever J.—from whom witness bought the car before he (witness) sold it to defendant's codefendant—told witness as to how he (J.) had acquired the car, had not been told defendant by witness, refusal to permit witness to testify whether J. had told him anything as to how he got it was not error.

2. **Receiving stolen goods** ⊙⇒8(3)—**Evidence of stolen car sold being in interstate commerce sufficient.**

Evidence in prosecution under National Motor Vehicle Theft Act, § 4 (Comp. St. Ann. Supp. 1923, § 10418e), of sold stolen car being at the time in interstate commerce, held sufficient, notwithstanding lapse of over two weeks between time defendant drove it from one state into another, for purpose of sale, and the date of the sale.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Criminal prosecution by the United States against William Farris. Judgment of conviction, and defendant brings error. Affirmed.

Henry W. Freeman, of Chicago, Ill., for plaintiff in error.

John E. Byrne, of Chicago, Ill., for the United States.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Plaintiff in error, Farris, seeks to reverse a judgment of conviction under count 1 of an indictment charging him with violation of section 4 of the National Motor Vehicle Theft Act (Comp. St. Ann. Supp. 1923, § 10418e), by selling an automobile which he knew had been stolen, and which was moving in and as a part of interstate commerce. The jury was instructed at great length, without any exceptions to the instructions. The assignment of errors is not in accordance with rule 11 of this court. However, we consider the only important matters urged.

[1] 1. It is contended that the court erred in excluding competent evidence offered by the defendant. Witness Pfannenstill, who claimed that he had taken the car in question in trade from one Jones and subsequently sold it to Krantz, a codefendant of Farris, but not on trial, was asked, but not permitted to answer, whether Jones had told him anything as to the manner in which he (Jones) had acquired the car. It appears from Pfannenstill's testimony that whatever Jones may have told him was not at any time told Farris by Pfannenstill. There was

no error. There is an abundance of evidence in the record from which the jury might have found that Farris knew the car was stolen.

[2] 2. It is urged that the evidence shows that the automobile was not moving as, nor was it a part of, nor did it constitute, interstate or foreign commerce. Farris made repeated efforts to sell the car in Illinois. It was advertised for sale, but not in his name. Failing to sell it in Illinois, Farris drove the car from Chicago to Cleveland, Ohio, and immediately made attempts to sell it, but it was not sold for some 15 or 17 days after its arrival there. He there caused it to be advertised, and again the advertisement was not in his own name. It is urged that, because of the time elapsing between the arrival in Cleveland and the sale date, the car was no longer in interstate commerce. Plaintiff in error lived in Illinois; he did not live in Ohio, and had no intention of living or even remaining there. He did not remain there beyond the time when he had sold the car, and the evidence indicates that the sole purpose of taking the car to Ohio was to sell it. Under the circumstances disclosed, the evidence was sufficient to present a jury question as to whether plaintiff in error violated the statute.

The judgment should be and is affirmed.